■ CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK NEW YORK BRANCH, Formerly Known as CALYON NEW YORK BRANCH, et al., Respondents, v BDC FINANCE, L.L.C., et al., Appellants. [981 NYS2d 47]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 6, 2012, which, to the extent appealed from, granted plaintiffs' CPLR 3211 (a) (7) motion to dismiss the third counterclaim asserted by defendant BDC Finance, L.L.C. and counterclaim-plaintiffs Black Diamond Capital Management, L.L.C. and Black Diamond CLO 2006-1 (Cayman),

Ltd. (collectively, BD-defendants) sounding in defamation, and directed that the claim be severed and judgment entered thereon, unanimously affirmed, with costs.

The third counterclaim, alleging libel and slander by plaintiffs' counsel in connection with statements he made to a reporter that were printed in an article published in a financial news publication, was properly dismissed. The article, fairly read, summarized bankruptcy proceedings in which BD-defendants, who held a majority interest in the debtor's credit financing obligations, acquired the right to supervise the liquidation of the debtor's assets. Plaintiffs, the debtor's minority secured lenders, argued that the sale of the debtor's assets at auction using a "credit bid" effectively compromised their security interests in the assets. Plaintiffs further argued that the bankruptcy trustee's motion seeking court approval of the auction sale, in essence, failed to adequately protect their security interests. In this context, plaintiffs' counsel's statement to the reporter that it was his belief that the trustee's motion for court approval was "based upon a misconception that something could be good for a liquidating estate but not for its creditors . . . [and that] [j]ust because the Corleones pay for fireworks in Little Italy doesn't mean they're good guys," would be interpreted by a reasonable reader to be of and concerning the trustee's conduct, not that of BD-defendants (*see Aronson v Wiersma*, 65 NY2d 592, 594 [1985]). Further, this statement is entitled to absolute privilege because it was made in connection with a judicial proceeding (*see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007]; Civil Rights Law § 74).

Another statement contained in the article, asserting that "the plan proponents" argue that the "sale motion gives Black Diamond at least $126 million in value that belongs to secured lenders in exchange for a mere $4.6 million payout to unsecured lenders" is also alleged to be defamatory. This statement is also privileged (*id.*), and, in any event, is non-actionable since it has not been pleaded with the requisite particularity. BD-defendants have not adequately alleged the statement's falsity nor have they sufficiently asserted that it was made by plaintiff's counsel, rather than any of the members of plaintiffs, to whom the statement is attributed. Concur—Gonzalez, P.J., Tom, Saxe, Freedman and Manzanet-Daniels, JJ.